IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN E. DOUTHIT,             )<br>                                              )<br>     Petitioner,                       )<br>                                              )<br>v.                                        )<br>                                              )<br>COMMISSIONER, SOCIAL SECURITY )<br>ADMINISTRATION,              )<br>                                              )<br>     Respondent.                   )<br>_____) | Case No. CV 04-527-S-LMB<br><br>MEMORANDUM DECISION<br>AND ORDER |

Currently pending before the Court is John E. Douthit's Petition for Review seeking review of Respondent's final decision denying his claim for Title II Social Security disability insurance benefits. The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

**I.**

**ADMINISTRATIVE PROCEEDINGS**

John E. Douthit ("Petitioner" or "Claimant") applied for disability insurance benefits under Title II of the Social Security Act on April 10, 2000. (AR 68-70). Petitioner alleged disability beginning January 4, 2000, as a result of a right shoulder rotator cuff injury. (AR 90). Petitioner's application was denied initially and again after reconsideration. Petitioner filed a timely request for a hearing before an Administrative Law Judge. ALJ James W. Olson held a

**MEMORANDUM DECISION AND ORDER -1**

hearing on May 17, 2001, at which time Petitioner, represented by counsel, appeared and testified. Anne Aastum, a vocational expert, also testified. On August 6, 2001, the ALJ issued a decision denying Petitioner's claim because he found Petitioner has the residual functional capacity to perform a limited range of light work and that Petitioner's capacity for light work is substantially intact and has not been compromised by any nonexertional limitations. Therefore, the ALJ concluded that Petitioner is not disabled. ALJ's Decision, p. 8 (*Stipulation to Supplement Transcript*, Docket No. 10).[1]

Thereafter, Petitioner requested the Appeals Council review the ALJ's decision. The Appeals Council denied Petitioner's request on February 7, 2002, making the ALJ's decision the final decision of the Commissioner of Social Security.

Petitioner then appealed to this Court and, on July 25, 2002, pursuant to stipulation of the parties, the Court entered an Order remanding the case for further proceedings. (Case No. CV 02-084-S-LMB). Thereafter, a second hearing was held before ALJ Robin L. Henrie on January 9, 2003. Petitioner, represented by counsel, appeared and testified at the hearing. James J. Grissom, a vocational expert, also appeared and testified. On March 17, 2003, ALJ Henrie issued a decision denying benefits because he found that Petitioner is able to perform his past relevant work as a refueler. (AR 279-85).

The Appeals Council affirmed this decision on September 9, 2004, and, on October 13, 2004, Petitioner filed this instant action. Petitioner requests that ALJ Henrie's decision be remanded for an award of benefits.

---

[1] The ALJ's decision was omitted from the Administrative Record (pages 12–22). The decision is attached to the Stipulation to Supplement Transcript (Docket No. 10).

**MEMORANDUM DECISION AND ORDER -2**

## II.

## BACKGROUND

At the time of the alleged onset of the disability, Petitioner was fifty-nine (59) years of age. (AR 7). He has an eleventh grade education and past work experience as a carpenter in construction and a refueler. (AR 29, 91). Petitioner alleges that he became disabled on January 4, 2000 because of a right rotator cuff injury. (AR 90).

## III.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish entitlement to disability benefits. *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process. 20 C.F.R. §§ 404.1520, 416.920 (1997). The second part of that process involves a finding regarding whether or not the claimant has a "severe impairment." 20 C.F.R. § 416.905(a). If no "severe" impairment is found, the claimant will be found not to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards. 42 U.S.C. § 405(g); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710 (9th Cir. 1981). In other words, if there is substantial evidence to support the decision of the ALJ, the decision must be upheld even when there is conflicting evidence. *Hall v. Sec. of Health, Educ. & Welfare,* 602 F.2d 1372, 1374 (9th Cir. 1979).

**MEMORANDUM DECISION AND ORDER -3**

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec. of Health & Human Serv.*, 44 F.3d 1453 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565, (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusion of the ALJ. *Richardson,* 402 U.S. at 401. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984), and drawing inferences logically flowing from the evidence. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying

**MEMORANDUM DECISION AND ORDER -4**

the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987). Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases." *Id.* at 1095 (citations omitted).

The issues presented in the instant appeal are whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether it is based on application of proper legal standards.

## IV.

## DISCUSSION

### A. Sequential Process

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920 (1997).

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. If the answer is in the affirmative, disability benefits are denied. 20 C.F.R. § 404.1520(b). In ALJ Henrie's March 17, 2003, decision, he concluded that Petitioner has not engaged in substantial gainful activity since January 4, 2000, the alleged onset date of disability. (AR 280).

The second step requires the ALJ to determine whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §404.1520(c). ALJ Henrie concluded that the medical evidence reflects that Petitioner has a history of right rotator cuff injury and repair, and that secondarily he also has suffered from diabetes and hypertension. These impairments more than minimally limit Petitioner's ability to perform basic work activities and are thus severe. (AR 280).

**MEMORANDUM DECISION AND ORDER -5**

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. § 404.1520(d).  In this respect, the ALJ concluded that the clinical, laboratory, and x-ray findings of record have not established an impairment that meets or equals, singly or in combination, an impairment listed in Appendix 1, Regulation No. 4.  (AR 281).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work.  20 C.F.R. § 404.1520(e).  In this respect, ALJ Henrie concluded that Petitioner is able to perform his past relevant work as a refueler.  (AR 284).

In the fifth and final step, if it has been established that Petitioner can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that Petitioner retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  Because ALJ Henrie concluded that Petitioner is able to perform his past relevant work as a refueler, he did not address this fifth step, nor did he need to.

    **B.**    <u>**Appeals Council Decision**</u>

The Appeals Council affirmed ALJ Henrie's decision on September 9, 2004, stating,

> You contend that the Administrative Law Judge erred by finding the claimant "not disabled" on the basis of being able to perform his past relevant work as a "refueler".  You argue that the "refueler" job does not exist in the national or regional economy and is not listed in the Dictionary of Occupational Titles.  However, the Council is not persuaded by these contentions.  Past relevant work is defined as either a job a claimant performed or the same type of work as it is customarily performed throughout the economy.  The claimant testified to the job that he performed and the Administrative Law Judge found that he retained the capacity to perform that job.  Further, the additional medical evidence from

**MEMORANDUM DECISION AND ORDER -6**

> the VA Medical Center was considered but did not provide a basis to change the hearing decision. Accordingly, the Appeals Council is persuaded that the Administrative Law Judge's decision is free of legal error and supported by the evidentiary record, as presently constituted. Also, the Council concludes that the decision is in compliance with the Court order. No change in the hearing decision is warranted.

(AR 182).

### C. Past Relevant Work

At step four, the ALJ concluded that Petitioner's past relevant work includes work as a refueler and that Petitioner could perform this work. (AR 284). Petitioner has the burden of proving that he is unable to perform this past relevant work. *See Barnhart v. Thomas*, 540 U.S. 20 (2003). Past relevant work is defined as "work [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1); *see also*, 20 C.F.R. § 404.1565(a). The regulations explain that if a claimant is "doing work that involves minimal duties that make little or no demands on [the claimant] and that are of little or no use to [the claimant's] employer . . . this does not show that [the claimant is] working at the substantial gainful activity level." 20 C.F.R. § 404.1573(b). Although 20 C.F.R. § 404.1573(c) provides that work done under special conditions might not support a finding that the claimant was working at substantially gainful activity level, this finding is discretionary. Further, "work done under special conditions may show that you have the necessary skills and ability to work at the substantial gainful activity level." *Id*.

Petitioner argues that the record in this case supports a finding that his past refueling work was not substantial gainful activity, within the regulatory definitions, and thus does not qualify as relevant work at step four of the sequential process. Petitioner states this work was assigned

**MEMORANDUM DECISION AND ORDER -7**

to him because of his shoulder injury and light duty status, involved very minimal duties, and was eventually terminated because of Petitioner's limited capabilities. Petitioner notes that the vocational experts at both hearings confirmed that the refueling position was not a job classified by the Dictionary of Occupational Titles. *Petitioner's Brief in Support of Petition for Review*, p. 11 (Docket No. 9). For these reasons, the Petitioner argues that ALJ Henries's conclusion under step four was erroneous.

The court disagrees. In this case, evidence is available to support the ALJ's determination that the refueler job was not specifically created as a "make work" position and was of use to Petitioner's employer. Petitioner's employer confirmed the job existed under the title "operator," that it was light duty and that, in addition to refueling, it required light delivery work. Petitioner's own testimony supports that he was laid off from this job only after he complained about being paid less. (AR 379). Although there is ambiguity in Petitioner's testimony regarding the reason for his termination, the ALJ's resolution of the ambiguity must be upheld. *Vincent ex. rel. Vincent*, 739 F.2d at 1394.

Furthermore, pursuant to 20 C.F.R. § 404.1574(b)(2), an individual is presumed to engage in substantial gainful activity if he earned more than $500 per month through June 1999 or more than $700 per month between July 1999 and December 2000. 20 C.F.R. § 404.1574(b)(2). Petitioner worked at the refueler job for more than a year, earning $10.00 an hour, working eight hours a day, five days a week. (AR 378). That is equivalent to $400 per week and approximately $1600 per month. Thus, Petitioner earned more than $700 per month which further supports the determination that his work as a refueler was at substantial gainful levels.

**MEMORANDUM DECISION AND ORDER -8**

Regarding Petitioner's claim that his job as a refueler was not past relevant work because it does not exist in the Dictionary of Occupational Titles, an individual can be found disabled at step four if he is able to perform his past relevant work either 1) as "he actually performed it" or 2) " as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2). When an individual "retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it," he or she should be found "not disabled." *See* Social Security Ruling 82-61, available at 1982 WL 31387. Here, the ALJ found that Petitioner could return to his job as a refueler "as he performed that job." (AR 284). The ALJ based this conclusion on Petitioner's testimony that he could still perform this job and on the fact that Petitioner's performance of the job was consistent with his residual functional capacity. (AR 284, 380).

When determining in step four whether Petitioner retains the capacity to perform the functional demands of his past relevant work as he actually performed it, whether Petitioner's past job as a refueler is listed in the Dictionary of Occupational Titles is irrelevant. *See* 20 C.F.R. § 404.1520(e). The Dictionary of Occupational Titles becomes relevant only in step five when determining whether Petitioner is able to perform his past relevant work as generally performed in the national economy. Because the ALJ has found Petitioner capable of performing the work *as he actually performed it*, further inquiry into whether Petitioner is able to perform his past relevant work as generally performed in the national economy is unnecessary.

### D. Petitioner's Credibility

The ALJ stated he did not find Petitioner's functional allegations and conclusion of total disability to be reasonably consistent with the objective medical evidence and non-medical

**MEMORANDUM DECISION AND ORDER -9**

evidence, when considered as a whole.  The ALJ noted that Petitioner admitted he could have performed his past job as a refueler from the alleged onset date to the date of the second administrative hearing.  ALJ Henrie therefore discounted those subjective symptom complaints and their alleged functional effect in determining that such are not totally disabling, either singly or in combination.  (AR 283).

Generally, in determining whether the claimant's subjective testimony regarding the severity of his symptoms is credible, "the ALJ may consider [claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [claimant's] testimony and [his] conduct, [claimant's] daily activities, [claimant's] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."  *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 791 (9th Cir. 1997).  Further, the Ninth Circuit has held that "the ALJ may reject the claimant's testimony regarding the severity of [his] symptoms only if he makes specific findings stating clear and convincing reasons for doing so," and he "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  Resolution of conflicts in testimony and of credibility questions is a function solely of the ALJ.  *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988).  The ALJ is in the best position to make such credibility determinations, and, for this reason, the ALJ's credibility determinations are entitled to great weight.  *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990).

In the instant action, the ALJ concluded that the record contains clear and convincing reasons to reject Petitioner's complaints.  According to the record, the ALJ rejected Petitioner's testimony that he was unable to work because Petitioner testified that, in fact, he believed he

*could* still perform the refueler job. (AR 284, 380). Additionally, the ALJ noted that Petitioner's testimony that he was unable to work was inconsistent with the medical evidence. For instance, on February 23, 1999, Dr. Gibson, Plaintiff's physician, indicated that Petitioner could "continue his regular work" and that he did not need to re-evaluate him if his "pain continues to remain absent" (AR 121).

After carefully reviewing the record, and for the reasons explained above, the Court concludes that the ALJ did not err in rejecting Petitioner's credibility regarding his functional limitations. The Ninth Circuit recognizes that "[c]redibility determinations are the province of the ALJ." *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). Where, as here, the ALJ has made specific findings justifying a decision to discount and reject certain allegations made by Petitioner regarding symptoms and their functional effect on daily activities and where those findings are supported by substantial evidence in the record, as the Court concludes they are in this action, the Court's role is not to second-guess that decision. Accordingly, the Court concludes that the ALJ's findings to reject Petitioner's credibility are sufficiently specific to allow the Court to conclude that the ALJ's decision is based on permissible grounds and that the ALJ did not arbitrarily discredit Petitioner's testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). Accordingly, the Court finds that the ALJ's decision to reject certain aspects of Petitioner's subjective testimony concerning his limitations is not erroneous and should not be disturbed on appeal.

### E. New Evidence

Petitioner requests that various medical records submitted to the Appeals Council on June 18, 2003, be made part of the medical evidence in this case. *Petitioner's Brief*, p. 11 (Docket

**MEMORANDUM DECISION AND ORDER -11**

No. 9).  This court may remand for consideration of the new evidence, but only upon a showing that there is new evidence that is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.  42 U.S.C. § 405(g).  In other words, Petitioner must show that the new evidence bears "directly and substantially on the matter in dispute," and that it would have a reasonable possibility of changing the outcome of the decision.  *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

The medical records submitted by Petitioner fail to meet these requirements.  First, Petitioner has argued only that "the medical evidence developed subsequent to the last [ALJ] hearing confirmed medical impairments which were serious and *could have* impaired the Petitioner's ability to perform past relevant work," *Petitioner's Brief*, p. 12, (emphasis added), without pointing to specific complaints, conditions, or diagnoses and explaining how they actually impaired his ability to work during the time period in question.  In fact, the medical records are from a time period after that considered by the ALJ.  (AR 285).  The ALJ issued his decision on March 17, 2003, and the proffered records reflect Petitioner's treatment for "renal insufficiency" in late February 2003.  (AR 191, 203).  Further, this condition had resolved by May 27, 2003. (AR 203).

The record also establishes that Petitioner had problems with depression in June 2003, due to financial distress related to his "recent onset of medical problems" and significant debt. (AR 262).  However, Petitioner has not shown how his hospitalization in February of 2003 or his depression in June of 2003 relates back to the time period under consideration by the ALJ.  At no time while before the ALJ did Petitioner allege he was disabled due to a mental impairment or kidney problem.  Accordingly, this evidence does not have a reasonable possibility of changing

**MEMORANDUM DECISION AND ORDER -12**

the outcome of the ALJ's decision. If Petitioner's condition has worsened since the ALJ issued his decision, he should file a new application. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001).

Moreover, Petitioner has not shown good cause for his failure to incorporate this evidence into the record earlier. Petitioner argues that he has met the good-cause requirement because these records did not exist at the time the ALJ made his decision. However, as explained above, the reason these records did not exist is because these conditions did not exist as a basis for Petitioner disability claim at the time of the ALJ's decision. Accordingly, the medical records submitted by the Petitioner to the Appeals council on June 18, 2003, do not provide enough reason for the Court to remand this case for further consideration.

## V.

## CONCLUSION

Although there is some evidence tending to support Petitioner's position, and while this court may have viewed the evidence differently, Petitioner's primary contentions appear to be that the ALJ gave too much weight to the evidence upon which the ALJ relied and did not give enough weight to other evidence favorable to Petitioner. Petitioner argues that the record, when viewed as a whole, supports a conclusion that he was disabled within the meaning of the Act from his alleged onset date.

However, as the Court has discussed, the ALJ is the fact finder and is solely responsible for weighing and drawing inferences from facts and determining credibility. *Allen*, 749 F.2d at 579; *Vincent ex. rel. of Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not

**MEMORANDUM DECISION AND ORDER -13**

substitute its interpretation for that of the ALJ.  *Key*, 754 F.2d at 1549.  The Court finds that the evidence upon which the ALJ relied can reasonably and rationally be relied upon to support the ALJ's conclusion, despite the fact that such evidence may be susceptible to a different interpretation.

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards.  Accordingly, the Commissioner's decision is upheld.

## VII.

## ORDER

Based on the foregoing, the decision of the Commissioner is AFFIRMED and this action is DISMISSED in its entirety with prejudice.



DATED:  **February 7, 2006**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge